[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried at Bridgeport, Connecticut on July 10, 1970. There are no minor children issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation. It was dissolved by the court at the request of the parties at the conclusion of the trial on September 24, 1993 and the court also approved the resumption by the defendant of her maiden name of Marilyn Stewart.
The marriage, according to the plaintiff, must have been a very fragile one, They first separated in 1980 and then got back together again. The plaintiff testified that when they finally separated in July 1992, there were a lot of things bothering him — their house, the defendant, his ex partners. The defendant argued with him. At the end he just got up and walked out. He decided they never should have been married in the first place. They did not try to save the marriage, they did not try to reconcile or get together and talk. He thought that it was not up to him to reconcile and that if the defendant wanted to reconcile she would call him.
The defendant testified that the marriage broke down because there was no feeling between them. Also, the plaintiff came out with many lies about the marriage. For instance, he told her he had bought a house in Virginia they were going to live in but he had not done so.
Obviously, the plaintiff's actions were the cause of the breakdown of the marriage.
The defendant is awarded alimony in the amount of $100 a week until she dies, remarries or cohabits within the meaning of the statute.
The plaintiff shall pay the bills listed on his Financial Affidavit dated September 22, 1993 and the defendant shall pay the bills listed on her Financial Affidavit dated September 23, 1993 except for the bill from G. Fox and the bill from Jordan Marsh which the plaintiff shall pay. The plaintiff shall CT Page 10357 indemnify and hold the defendant harmless from the bills he has been ordered to pay and the defendant shall do likewise as to the plaintiff as to the bills she has been ordered to pay.
The plaintiff shall keep the money he received back from his investment after he withdrew from further participation in the four taxi companies as described in the evidence during the trial and the plaintiff shall hold harmless the defendant from any and all claims of whatever kind or nature may exist as a result of plaintiff's purchase, operation or sale of any of the business enterprises in which he had any ownership interest during the time of the marriage of the parties.
Each party shall keep the personal property each took from the marital home during the separation.
The defendant shall keep the money held in her 401K Plan.
The plaintiff shall pay $2500 towards the fee of the attorney of the defendant.
THOMAS J. O'SULLIVAN, TRIAL REFEREE